# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1610V
Filed: January 10, 2025

|  |  |
|---|---|
| GEORGEANA MCKENZIE,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Special Master Horner |

*James M. Merrigan*, Rawson, Merrigan & Litner, LLP, Boston, MA for petitioner.
*Catherin Elizabeth Stolar*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

  On October 26, 2017, the petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2] (ECF No. 1.) Petitioner alleged that she suffered a shoulder injury as a result of her September 23, 2016 influenza ("flu") vaccination. (*Id.*) On September 27, 2023, the undersigned issued a decision awarding damages based on the parties' stipulation. (ECF No. 77.) On June 10, 2024, petitioner filed a final motion for attorneys' fees and costs. (ECF No. 82.) Petitioner's counsel requests a total of $28,743.00 for attorneys' fees and costs, including $27,493.00 for attorneys' fees and $1,250.00 for costs. (*Id.* at 1.) However, the motion misstates the costs incurred for petitioner's expert. The invoice accompanying the motion totals $2,250.00. (ECF No. 82-2.) Therefore, the total request for attorneys' fees and costs actually totals $29,743.00. Petitioner did not incur any personal costs. (ECF No. 82-3.)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

On June 20, 2024, respondent filed a response to petitioner's motion. (ECF No. 83.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." (*Id.* at 1.) Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2.) Respondent requests that the court exercise its discretion and determine a reasonable award for attorneys' fees and costs. (*Id.* at 3.) However, on June 21, 2024, respondent filed an amended response noting that petitioner requested an unusually high hourly rate for his expert's work and requesting a case-specific determination regarding the rate. (ECF No. 84.)

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Dep't of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). However, "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision." Vaccine Rule 13(a)(3). Special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson ex rel. Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 486 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

The undersigned has reviewed the billing records submitted with petitioner's request. (ECF No. 51.) In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.[3] The requested costs are sufficiently documented and are reasonable. Although

---

[3] In a prior order, the undersigned noted that petitioner's counsel had demonstrated a repeated failure to follow court orders and indicated that this issue "will be reflected in the undersigned's evaluation of any award of attorneys' fees and costs that are awarded in this case." (ECF No. 70.) However, upon review counsel's actual billing in this case, counsel has exercised sufficient billing judgment that any further reduction would be overly punitive. Nonetheless, counsel is admonished to take greater care in the future. The undersigned remains concerned that counsel's conduct delayed resolution of this case and,

respondent is correct that petitioner's expert's rate is unusually high, it is not necessary to resolve that issue. Petitioner's counsel indicated in the motion that not all of petitioner's costs were produced for this motion (ECF No. 82, p. 1) and the expert invoice accompanying the motion reflects billing of only $2,250.00 (ECF No. 82-2, p. 2). Thus, the total amount requested for expert costs is patently reasonable for the expert work that was done in this case. *Accord Grossmann v. Sec'y of Health & Human Servs.*, No.18-13V, 2024 WL 706874, at *2 (Fed. Cl. Spec. Mstr. Jan 26, 2024) (reducing redundant hours billed by an expert and finding that the "overall reduced amount is reasonable given the expert's qualifications, the effectiveness of the ultimate work product in resolving this case, and the efficiency with which the reports were produced"); *Elmakky v. Sec'y of Health & Human Servs.*, No. 17-2032V, 2024 WL 3160506, at *4 (Fed. Cl. Spec. Mstr. May 22, 2024) (declining to set a rate prospectively for an expert but noting the overall cost of $6,050.00 was reasonable given that the expert's report was "invaluable when reaching an appropriate resolution"). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards petitioner attorneys' fees and costs totaling $29,743.00 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Daniel Horner</u><br>
Daniel Horner<br>
Special Master

---

given this warning, will not overlook inattention by this counsel in future cases even if counsel's billing remains modest.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.